If the will of Anson Cary had taken effect previous to the first of January, 1830, Albert G. Cary would have taken, under the rule in Shelley's case, a fee simple in the land in question; but not having taken effect till after that time, the devise is subject to the provisions of the revised statutes, and under them Albert G. Cary took a life estate only in the land, and his heirs took the remainder as purchasers. (1 R.S. 725, § 28.) *Page 402 
Albert G. Cary then took under the devise a life estate, with power to alien the same by grant, by and with the consent of Hannah Cary and George A. Cary. This was a general and beneficial power. The alienation might be made to any alienee whatever, and for the benefit of the grantee of the power alone. (1 R.S. 732, §§ 78, 79.) But the power could only be executed on the precise conditions prescribed by the terms of its creation, viz. by and with the consent of Hannah Cary and George A. Cary. The first question is, whether the death of Hannah Cary, which occurred before the execution of the power, was fatal to the conveyance. The rule of law is well settled, that when the consent of third persons is required to the execution of a power, that, like every other condition, must be strictly complied with. (Sugd. onVendors, 319; Simpson v. Hawley, Prec. Ch. 472.) If the person whose consent is necessary die before the execution of the power and without having assented, the power is gone, although his death was the act of God. (Danne v. Annas, Dyer, 219,pl. 8; Frahelien's case, Mod. 62, pl. 172; Munsell v.Munsell, Wilmot, 36.) So where the consent of several persons is required, the death of one of them destroys the power; for the consent of the survivor will not satisfy the the words of the power. (Atwaters v. Birt, Cro. Eliz. 856; S.C., Noy, 38,nom. Alwaters v. Bird; Butler v. Bray, Dyer, 189 b;Wilmot, 56.)
There is no provision of the revised statutes that changes this well established rule of the common law. The counsel for the plaintiff argues that the following section of the revised statutes (1 R.S. 735, § 112) is applicable, and that one of the two persons whose consent was requisite having died, it was sufficient that the consent was given by the survivor. "Where a power is vested in several persons, all must unite in its execution; but if, previous to such execution, one or more of such persons shall die, the power may be executed by the survivor or survivors." This section is applicable only to grantees of a power, not to the persons by whose consent it is to be executed. The person *Page 403 
in whom the power is vested is called the "grantee of the power." (1 R.S. 138, § 135.) The person whose consent is required for its execution is called "a third person." (1 R.S. 736, § 122.) The power is in no respect vested in such third person. He can only consent to another's executing it. The argument which would bring this case under the 112th section involves the absurdity of calling Hannah Cary both a "grantee of the power" and a "third person;" and of holding that if Hannah Cary and Albert G. Cary had both died, the power might have been executed by George A. Cary as survivor; for that might be done under the authority of the 112th section, if all three were "grantees of the power."
That the 112th section is inapplicable to this case, is further apparent from section 113, which provides, that "no power can be executed, except by some instrument in writing, which would be sufficient in law to pass the estate or interest intended to pass under the power, if the person executing the power were the actual owner." Now, Hannah Cary and George A. Cary were only authorized to give a consent — they were not authorized to convey, and could not, under the requirement of the statute, execute the power.
It cannot be necessary to give further reasons, for the purpose of showing that the 112th section has no applicability to this case. There has been no design to obliterate the well defined line which separates the province of the grantee of a power, from that of him who may only consent to its execution. The law remains as it has been long settled at the common law.
It follows, that by the death of Hannah Cary, it became impossible to execute the power. The deed in trust to George A. Cary was therefore inoperative, and conveyed no title, and it would not have aided it if the consent of the latter had been expressed in the conveyance or certified in it in the form prescribed by statute. Of course, no such expression or certificate of consent can be made available now. The plaintiff has no means of perfecting his title by supplying the defect. His only remedy may be upon the defendant's covenant of warranty in the deed, whenever *Page 404 
that covenant shall have been broken. The judgment of the supreme court should be affirmed, with costs.
All the judges, except RUGGLES, J., who did not hear the argument, concurred.
Judgment affirmed.